IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MSP RECOVERY CLAIMS, SERIES, LLC; <br> and SERIES 16-08-483, a series of MSP Recovery <br> Claims, Series LLC Series 15-09-335, LLC, <br> a series of MSP Recovery Claims, Series LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 18 C 7849 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs MSP Recovery Claims, Series, LLC and Series 16-08-483 have brought a second amended putative class action complaint against defendant Zurich American Insurance Company claiming to be the assignees of legal claims held by various largely unidentified Medicare Advantage Organizations ("MAOs"). Plaintiffs seek double recovery under the Medicare Secondary Payor provisions of the Medicare Act, 42 U.S.C. § 1395y(b)(2)-(3) ("MSPA"), for reimbursement of medical expenses that the various MAOs paid on behalf of Medicare beneficiaries despite defendant's alleged obligation to pay under the MSPA. Defendant has moved under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of standing, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons described below, defendant's motion is granted.

## BACKGROUND

Medicare is "the federal health insurance program for people who are 65 or older." MAO-MSO Recovery II, LLC v. State Farm Mutual Automobile Ins. Company, 935 F.3d 573,

577 (7th Cir. 2019). Many people receive benefits directly from the government from Medicare Parts A and B, while others enroll in Part C under which their benefits are provided by private entities known as MAOs. Id.; 42 U.S.C. § 1395w-21(a). The MAO receives a per capita reimbursement from the government for each Medicare enrollee covered by the MAO. Id. The amount of the reimbursement varies according to the characteristics of the individual enrollee as well as other factors. Id.

In 1980 Congress began enacting a series of amendments designed to "reduce Medicare costs by making the government a secondary provider of medical insurance coverage when a Medicare recipient has other sources of primary insurance coverage." Brown v. Thompson, 374 F.3d 253, 257 (4th Cir. 2004). The MSPA provisions shift responsibility for medical payments to other health plans, such as non-fault and liability insurance, which are considered "primary plans." Under the MSPA, for Part A and B enrollees, Medicare is "statutorily barred from making payments for medical costs when an enrollee has benefited or is likely to benefit from some other insurance or worker's compensation plan." MAO-MSO, 935 F.3d at 577-78. In these situations, "Medicare is a secondary form of coverage that applies only to costs not covered by the primary insurer." Id. at 578. If the primary insurer fails to pay, Medicare is authorized to make conditional payments to providers and then seek reimbursement from the primary insurer. Id.; 42 U.S.C. § 1395y(b)(2)(B)(i). Medicare Part C has an analogous provision that makes MAOs secondary payers where enrollees have some form of primary coverage. Id. 42 U.S.C. § 1394w-22(a)(4). And, like the government, MAOs are authorized by statute to make conditional payments and then seek reimbursement later. Id. If the primary payer fails to reimburse the secondary payer (either Medicare or an MAO) for benefits it should have

2

provided, the MSPA establishes a private right of action that permits some private plaintiffs to sue for double damages. 42 U.S.C. § 1395y(b)(3)(A).

**DISCUSSION**

Plaintiffs in the instant case are not MAOs, but rather assert that they are assignees of claims that belonged to MAOs. In particular, plaintiffs allege that they have assignments to pursue seven "exemplar" claims from Medicare enrollees that plaintiffs identify by their initials: J.Z.; P.D.; L.R.; C.F.; E.D.; A.C. and J.M. Plaintiffs allege that each of these enrollees were injured in an accident, an MAO made conditional payments for medical services, and that the MAO "assigned" its reimbursement claim to plaintiffs. As to J.Z., plaintiffs allege that defendant was the primary payer responsible because it provided no-fault insurance to an unnamed individual or entity that covered J.Z.'s medical expenses. As to the other six "exemplar" individuals, plaintiffs allege that defendant is the primary payer as a result of funding a lawsuit settlement on behalf of the insured tortfeasor.

Defendant first challenges plaintiffs' standing to bring the exemplar claims. "Standing is an essential element of Article III's case or controversy requirement." Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009). Because it is a jurisdictional requirement, plaintiffs bear the burden of establishing standing and, because it is "not a mere pleading requirement but rather an indispensable part of the plaintiffs' case, it must be supported in the same way as any other matter on which the plaintiff[s] bear[] the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Id.

Attacks on jurisdiction, and standing, come in two forms. A facial challenge to the court's jurisdiction requires "only that the court look to the complaint and see if the plaintiff has

sufficiently alleged a basis of subject matter jurisdiction." Id. In contrast, a factual challenge "lies where the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction." Id. (Internal quotations omitted). When considering a motion that raises a factual challenge to jurisdiction, the court may look beyond the jurisdictional allegations and consider whatever evidence that has been submitted. Id.

Defendant raises both a facial and factual challenge to plaintiffs' standing. With respect to the T.D., L.R., C.F., E.D., A.C., and J.M. exemplars, plaintiffs allege that they received an assignment to pursue these claims from Health Insurance Plan of Greater New York ("HIP"). As defendant correctly argues, however, the purported assignment, which plaintiffs attach to their second amended complaint as an exhibit, is not so clear. The definition of the assigned claims provides (emphasis added):

> Assignor wishes to assign to Assignee all, right, title, interest in and ownership of Medicare Recovery Claims that can be asserted against Assignor's members, enrollees and/or contracted providers, and excluding Medicare Recovery Claims that, as of the Effective Date, have been assigned to and/or are being pursued by other recovery vendors, including but not limited to the Rawlings Group . . . .

Plaintiffs' complaint conveniently ignores this language when describing the assignments. The assignment documents contain no list of which claims were assigned to it and which were excluded. The complaint fails even to acknowledge the exclusion by alleging that the six exemplar claims were assigned to plaintiffs and not to the Rawlings Group or any other recovery vendor. Absent such an allegation, the complaint fails to survive a facial challenge.

Moreover, even if the court were to infer that plaintiffs are alleging that the six exemplars were assigned to them and not "carved out" of the general assignment, defendant has provided letters from the Rawlings Group indicating that it has received assignments from HIP for the

4

E.Z., A.C., and J.M. claims, and defendant has indicated that Rawlings is pursing the other three claims as well. Plaintiffs have offered no evidence to refute these letters or defendant's claims, nor have they asked for an evidentiary hearing to present evidence to defeat defendant's claims. Consequently, the court concludes that plaintiffs lack standing to bring the P.D., L.R., C.F., E.D., A.C. and J.M. claims.

That leaves the J.Z. claim. According to the complaint, J.Z. was enrolled in a Medicare Advantage Plan issued by Network Health Insurance Corporation ("NHIC"), which is an MAO. The complaint alleges that J.Z. was injured in an accident and that J.Z.'s accident-related medical costs and expenses were covered under a "no-fault policy issued by defendant." NHIC allegedly paid the medical bills, entitling it to reimbursement from defendant. The complaint further alleges that NHIC assigned its right to reimbursement to plaintiffs.

Unlike the HIP assignment, the NHIC assignment contains no carve-out provision. Thus, plaintiffs' allegations that the J.Z. claim has been assigned to it is sufficient to support standing. There is, however, a more fundamental problem with this claim. Plaintiff alleges generally that J.Z.'s medical costs and expenses were covered under an insurance policy issued by defendant. The complaint contains no more information about that policy, but in the briefing defendant has submitted evidence, and plaintiffs appear to admit, that the policy in fact was issued by Universal Underwriters Insurance Company, not defendant. Thus, plaintiffs have named the wrong defendant. Plaintiffs' only response to this evidence is to ask for leave to amend the complaint a fourth time.

"The Federal Rules of Civil Procedure allow for one amendment as of right and directs district courts freely to give leave for further amendments when justice so requires." MAO-

MSO, 935 F.3d at 581; Fed. R. Civ. P. 15(a).   After the first amendment, the court has discretion to deny leave to amend.   Id.

As defendant points out, the instant complaint is not plaintiffs' third attempt to establish standing and a claim, but actually their ninth.   They filed two separate suits against defendant in the Southern District of Florida raising the same claims.   In each of those suits, in the face of motions to dismiss, plaintiffs elected to replead.   See MSP Recovery Claims, LLC v. Zurich American Ins. Co., Civil No. 1:17-cv-24013 (S.D. Fla.); MSP Recovery Claims, Series LLC v. Zurich American Ins. Co., Civil No. 17-cv-24015 (S.D. Fla.).   After their third attempt in each case was challenged by motion, plaintiffs voluntarily dismissed the cases and then filed the instant case in this district.   Nine attempts to establish standing and plead a cause of action is enough.   The court denies leave to amend.

For the reasons described above the court grants defendant's motion to dismiss [Doc. 40].   The case is dismissed without prejudice.   Leave to amend is denied.


**ENTER:    December 18, 2019**

_____
**Robert W. Gettleman
United States District Judge**